Curia, per Johnson, Ch.
The decree of the Circuit Court proceeds on the principle, that the court have the power to order the sale of the entire fee simple of the lands in question, against the will of the defendant Baker, and in reviewing the matter, I am satisfied that it can be sustained. There are numerous cases in which the court do exercise the power of disposing of the interest of the parties in real estate without their consent, as in the common case of the partition of intestates’ estates provided for by the Act of 1791, and according to Pell vs. Ball, (a) decided at the last sitting of the court in Charleston, where real estates were devised to several and partition was sought for by one; and so in all cases where several have a common interest which cannot be severed in specie so as to make the several parts useful to all, as in the case of a house with a single room of which half a dozen persons are tenants in common, where the only practicable mode of making severance is by reducing it to money. In this and like cases the exercise of the power is forced on the court by necessity, as that is the only means by which equal *395 justice can be done between the parties. But here no such necessity exists; the interests of the parties are several and distinct. The will gives the fee to the complainant, defeasible on the contingency of her dying without leaving issue at the time of her death, and in that event the absolute fee is limited over to the defendant Baker in remainder, and their estates, if the remainder over vests in Baker, are as distinct and independent of each other, both as to the title and the enjoyment, as if there had been several estates devised to each of them. The contingent estate of Baker opposes no obstacle to the complainant’s perfect enjoyment of all interest which the testator intended to confer on her, or to her power of disposition over it, and the sale of Baker’s contingent interest is in no way necessary to its full fruition. It may be that the estate would sell for a better price if it had not thus been incumbered with this limitation, but it will be worth just as much in the hands of the purchaser as it is in the hands of the complainant, and as well might one, who desired to sell his own estate, insist that his neighbor, who owns an adjoining estate, should be compelled to sell that also, because they would bring a better price if both were sold together, or a remainder-man that the interest of the tenant for life should be sold because he would prefer to have the remainder in the form of money.
It is therefore ordered and decreed, that the decree of the Circuit Court be reversed, and that the case be refered back to the Circuit Court, to give the complainant an opportunity of taking such further order as she may think fit, consistently with this opinion.
The whole court concurred.

 Ante, p. 361.